**Mary C. BUCHANAN, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 70–C–51–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 19, 1970.

Glen M. Williams, Jonesville, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

The plaintiff, Mary C. Buchanan, brings this action to secure social security disability payments pursuant to 42 U.S.C. § 405(g). She alleges that she became disabled in January 1968 because of bladder trouble, heart trouble

and other health problems. On February 27, 1970 the Appeals Council of the Social Security Administration affirmed the hearing examiner's decision denying benefits to the claimant. The transcript of the hearing, the other evidence before the hearing examiner, and the hearing examiner's decision are included in the record and both parties have moved for summary judgment.

The plaintiff's primary complaint is that she is unable to control her bladder. She underwent an operation in January 1968 to correct this difficulty and the post-operative report concluded, "Normal angle of the bladder has been corrected by the procedure and stress incontinence eliminated." Subsequent physical examinations have failed to reveal a basis for the plaintiff's complaints. Dr. Robert C. Jones concluded his report with the following:

[T]he urological evaluation failed to disclose evidence of an organic problem. * * * I believe without question a large part of her symptoms are of psychogenic origin.

Similarly, Dr. H. A. Kinser stated, "I see nothing nor can I find nothing (sic) to account for this patient's symptoms." His diagnosis was, "Pelvic pain, probably psychogenic in origin."

Since two different doctors suggested a psychogenic origin to these complaints, the Social Security Administration had the claimant examined by Dr. Pierce D. Nelson, a psychiatrist. He examined Mrs. Buchanan on two occasions and made a diagnosis of involutional depression each time. His September 11, 1968 report stated in part:

I think that some medication would make her more comfortable at home, but I doubt that she would be able to work for wages, even under more favorable circumstances. * * * I do not think she is going to improve greatly beyond what she is right now except with medication to make her more comfortable.

The second report dated October 22, 1968 made a similar conclusion.

I think there is a lot of room for improvement in this individual with medication and treatment but I doubt that she is going to compete effectively and be able to support herself without outside assistance.

No other psychiatric evidence was presented.

■ On the basis of this evidence and some other evidence which it is not necessary to recount, the hearing examiner denied benefits. Admittedly the physical examinations are not indicative of disability but the only psychiatric evidence available did point in that direction. The hearing examiner's conclusion that the claimant was not psychologically disabled is based only on his own speculation and not on any medical opinion or evidence. If he did not accept Dr. Nelson's analysis of the claimant's psychological condition, he should have had Mrs. Buchanan examined by another psychiatrist.

■ Although Dr. Nelson believed that the claimant could be helped by treatment, he stated that he believed the possible improvement would be insufficient to enable her "to support herself without outside assistance." There is no evidence to support the conclusion that treatment would enable her to undertake "substantial gainful activity." While Dr. Nelson may be incorrect in his impression of Mrs. Buchanan, in the absence of conflicting evidence, benefits should be awarded to her. If it later appears that the claimant can return to work, the defendant may terminate the period of disability benefits. See Crawley v. Finch, 300 F.Supp. 1343 (E.D.Ky. 1969).

In view of the foregoing, summary judgment is granted in favor of the plaintiff.

The clerk is directed to send a certified copy of this opinion and judgment to counsel of record.